# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMI PIVTCHEV, | : | No. 3:19cv150 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| STATE FARM MUTUAL AUTO | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Plaintiff Tami Pivtchev's motion to remand this matter to the Luzerne County Court of Common Pleas. The motion has been fully briefed and is ripe for disposition.

## Background

Defendant State Farm Mutual Auto Insurance Company insured plaintiff pursuant to an automobile insurance agreement. (Doc. 1-2, Compl. ¶ 4). On June 2, 2016, plaintiff was involved in an automobile accident in Hazleton, Pennsylvania. (Id. ¶ 8-10). Plaintiff suffered severe personal injuries due to the accident including a cervical herniation causing radiculopathy in the right arm and hand. (Id. ¶ 13). Another driver caused the accident, but that driver's insurance was insufficient to compensate plaintiff for her injuries. (Id. ¶ 20).

Plaintiff sought underinsured motorist benefits from defendant, which it has not paid. (Id. ¶ 23-24). The underinsured motorists benefit limit on the policy is $25,000.00. (Id. ¶ 21).

Based upon these facts plaintiff instituted the instant lawsuit on November 12, 2018 by filing a two-count complaint in the Court of Common Pleas for Luzerne County. The two counts are breach of contract and bad faith. Plaintiff seeks compensatory damages, interest, punitive damages and counsel fees. (Id. ¶ 56).

On January 25, 2019, defendant filed a "Notice of Removal" of the case to this court. (Doc. 1). Plaintiff has filed a motion to remand the case to Luzerne County. (Doc. 3). The parties have briefed this motion, and it is ripe for disposition.

**Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). Generally, a defendant can remove a civil action originally filed in state court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal court may remand if the court determines that it lacks

federal subject matter jurisdiction. 28 U.S.C. § 1447(c).[1]  Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

The burden of establishing jurisdiction in the removal situation rests with the defendant.  Kaufman v. Allstate N.J., Ins. Co., 561 F.3d 144, 151  (3d Cir. 2009) ("We require the party seeking to remove to federal court to demonstrate federal jurisdiction.").  In the notice of removal, the defendant indicates that this court has diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1, Notice of Removal ¶ ¶ 12-13).  Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  28 U.S.C. § 1332(a).

Plaintiff's motion to remand raises three issues:  a procedural defect in the defendant's notice of removal, a lack of diversity of citizenship between the parties, and the failure to meet the amount in controversy requirement.  We will address these issues in turn.

**A. Procedural defect**

---

[1] In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

3

The first issue plaintiff raises involves a procedural defect in the original notice of removal. The law provides that "[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court . . . a copy of all process . ." within thirty (30) days as part of its notice of removal. 28 U.S.C. § 1446(a).

In the instant case, plaintiff argues that the notice of removal did not include the Sheriff's return of service of process form which was a part of the state court case. Defendant acknowledges that it did not file the service of process form. To remedy its oversight, however, defendant filed an amended notice of removal which included the form.

We will not grant remand on this ground. The procedural defect was *de minimis* and the defendant corrected the oversight by filing an amended notice with the appropriate form attached. See, e.g., Efford v. Milam, 368 F. Supp. 2d 380 (E.D. Pa. 2005) (explaining that "[o]missions which are merely formal or modal do not affect the right to remove and may be subsequently remedied.")

**B. Citizenship of the parties**

As noted above, for purposes of diversity jurisdiction, the plaintiff and the defendant must be citizens of different states. The notice of removal avers that plaintiff is a citizen of Pennsylvania and defendant is a citizen of Illinois. (Doc. 1, Notice of Removal ¶¶ 2, 10, 12).

Plaintiff contests the citizenship of the defendant. She claims that defendant accepted service of the complaint in Pennsylvania amidst indicia that this location is its principle place of business, including the fact that its address is on a street which bears its name. Therefore, it should also be considered a citizen of Pennsylvania. We disagree.

The law provides that for purposes of diversity jurisdiction a corporation is considered a citizen of the state where it is incorporated and the state where it has its principle place of business. 28 U.S.C. § 1332(c)(1). Defendant alleges that it is an Illinois corporation with a principle place of business in Illinois. (Id. ¶ 10).

Plaintiff does not seem to challenge that defendant has a principle place of business in Illinois and is incorporated there. Rather, plaintiff argues that defendant also has a principle place of business in Pennsylvania and that the diversity statute was not intended to apply to large insurance companies like the defendant. While plaintiff's argument may be a valid policy consideration, we are confined to applying the law as it has been set forth by Congress, the Supreme Court and the Third Circuit Court of Appeals. Plaintiff has cited to no binding authority to support its position that a corporation may have a principle place of business in multiple states. In fact, the law holds the opposite. A corporation is a citizen in "**the state** with its principle place of business."

(emphasis added). The principle place of business is the location of the corporation's "nerve center," that is "where a corporation's officers, direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 92-93 (2010). Here, that principle place of business is in Illinois. Accordingly, we find no reason to remand the case based upon a lack of diversity of citizenship.

**C. Amount in controversy**

As noted above, for diversity jurisdiction at least $75,000 must be at issue in the case. Plaintiff argues that the burden to establish the amount in controversy rests with the defendant and it has not met that burden. After a careful review, we disagree.

Ascertaining the amount in controversy is not always a simple, precise task. Various burdens and standards exist and the correct ones to apply are determined based upon the allegations in a plaintiff's complaint. Here the plaintiff's complaint does not specifically aver that the amount in controversy is below the jurisdictional threshold. The amount requested in the complaint is "in an amount in excess of the jurisdictional limit established by this Court for arbitration[.]" (Doc. 1-2 *ad damnum* clause foll. ¶ 56).[2] The complaint also demands punitive damages, interest, counsel fees and costs. (Id.)

---

[2] In Luzerne County, cases seeking $50,000.00 or less are subject to arbitration. (Luzerne County C.C.P. L.R. 1301).

Thus the complaint does not explicitly seek an amount less than the jurisdictional threshold. In such a case as this, we must remand if it appears to a **legal certainty** that the plaintiff cannot recover, or was never entitled to recover, the jurisdictional amount.[3] Samuel-Bassett, 357 F.3d at 398, Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 282 (1938).

In this case, it does **not** appear to a legal certainty that plaintiff was never entitled to recover less than the jurisdictional amount. She seeks her full insurance policy coverage, $25,000,[4] additionally she seeks attorney's fees and punitive damages, which are both available as remedies under her bad faith claim. See 42 PA. CONS. STAT. ANN. § 8371. Punitive damages and attorney's fees must be considered in determining the amount in controversy. Frederico, 507 F.3d at 199.

The total UIM benefits available under the policy, and which is at issue, is $25,000.00. Therefore, punitive damages and attorney's fees would have to exceed $50,000.00 to meet the jurisdictional threshold. A punitive damages

---

[3] Had the plaintiff's complaint explicitly sought an amount less than the jurisdictional threshold, then the defendant would have had the burden to prove to a legal certainty that plaintiff could recover the jurisdictional amount. Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). Plaintiff urges us to apply this standard, but it is inappropriate to apply it to the facts of this case.
[4] (Doc. 1-2, Compl. ¶ 21)

7

award which is double the amount of the policy limit is reasonable and possible in such a case. Thus, when all of these amounts are added together, we find that the complaint's allegations are sufficient to meet the jurisdictional threshold of the diversity statute.

**Conclusion**

Based upon the above analysis, we find that the plaintiff's motion to remand should be denied. The minor procedural defect in the notice of removal has been remedied by the defendant. Additionally, the parties have diverse citizenship and the amount in controversy exceeds $75,000. Accordingly, the motion will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: July 1, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**