# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TAMI PIVTCHEV, | : | No. 3:19cv150 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTO | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is the motion to dismiss Plaintiff Tami Pivtchev's amended complaint filed by Defendant State Farm Mutual Auto Insurance Company. The matter has been fully briefed and is ripe for disposition.

## Background

Defendant State Farm Mutual Auto Insurance Company insured plaintiff pursuant to an automobile insurance agreement. (Doc. 5, Amended Compl. ¶ 4). On June 2, 2016, plaintiff was involved in an automobile accident in Hazleton, Pennsylvania. (Id. ¶ 8-10). Plaintiff suffered severe personal injuries due to the accident including a cervical herniation causing radiculopathy in the right arm and hand. (Id. ¶ 13). Another driver caused the accident, but that driver's insurance was insufficient to compensate plaintiff for her injuries. (Id. ¶ 20).

Plaintiff sought underinsured motorist benefits from defendant, which it has not paid. (Id. ¶ 23-24). The underinsured motorists benefit limit on the policy is $25,000.00. (Id. ¶ 21).

Based upon these facts plaintiff instituted the instant lawsuit on November 12, 2018 by filing a two-count complaint in the Court of Common Pleas for Luzerne County. The two counts are breach of contract and bad faith. Plaintiff seeks compensatory damages, interest, punitive damages and counsel fees. (Id. ¶ 56).

On January 25, 2019, defendant filed a "Notice of Removal" of the case to this court. (Doc. 1). Defendant then filed a motion to dismiss the bad faith claim and the demand for attorney's fees in Count I. (Doc. 2). Plaintiff then filed an amended complaint, which raises the same counts as the initial complaint. (Doc. 5). Defendant then filed the instant motion to dismiss the bad faith claim and demand for attorney's fees in the breach of contract count, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 12). Defendant is a citizen of Illinois. (Id.) Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the

2

parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will

3

reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4

Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

As noted above, the defendant moves to dismiss both the bad faith claim and the demand for attorney's fees in the breach of contract claim. We will discuss these issues separately.

**A. Bad Faith**

5

Count II of plaintiff's amended complaint asserts a cause of action for insurance bad faith under the Pennsylvania's bad faith statute, 42 PA. CONS. STAT. ANN. § 8371. Defendant argues that the amended complaint's averments are insufficient to support a claim for bad faith, and therefore, the bad faith claim should be dismissed. We disagree.

Section 8371 does not define "bad faith," but Pennsylvania courts have adopted the following definition of the term:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)(quoting BLACK'S LAW DICTIONARY 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting that the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

Defendant argues that the amended complaint's averments do not meet this definition. Rather, defendant casts the dispute as a mere disagreement over the valuation of the claim.

The amended complaint, however, reveals more than a disagreement over the claim valuation. The amended complaint avers that defendant failed to effectuate a prompt fair and equitable settlement of plaintiff's claim and

6

compelled her to seek legal redress and commence litigation to recover the benefits to which she was entitled. (Doc. 5, Am. Compl. ¶ 54). Further, defendant ignored and discounted the severity of plaintiff's injuries. (Id.) Also, defendant did not promptly evaluate the claim, but rather engaged in dilatory and abusive claims handling by delaying the valuation of plaintiff's claim and failing to pay the claim. (Id.) The amended complaint also suggests that defendant failed to timely investigate or to make a reasonable settlement offer. (Id.) Defendant further delayed by asking for authorization to receive medical records which were already in its possession. (Id.) Taking the allegations as true, as we must at this early stage of the litigation, we find that plaintiff has sufficiently alleged bad faith. Defendant's motion to dismiss the bad faith claim will be denied.

**B. Attorney's fees**

Count I of plaintiff's amended complaint asserts a cause of action for breach of contract. This count demands, *inter alia*, attorney's fees. Defendant argues that this demand should be dismissed as such damages are not allowed in a breach of contract cause of action. After a careful review, we disagree.

Pennsylvania courts have determined that a breach of automobile insurance contract claim falls under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. ANN. § 1701 et seq. (hereinafter "MVFRL"). In certain cases, it is within the court's discretion to award attorney's

fees under the MVFRL. Id. At this point in the litigation, before discovery has been completed, it is impossible to determine whether attorney's fees may be awarded in this case or are precluded. Accordingly, the defendant's motion to dismiss based upon this ground will be denied.

**Conclusion**

For the reasons set forth above, we find that the defendant has adequately alleged a bad faith action. Further, we find that attorney fees might be properly awarded under Count I, breach of contract. Therefore, we will deny the defendant's motion to dismiss. An appropriate order follows.

**BY THE COURT:**

**Date: July 1, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**